UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EASTERN SOLUTIONS INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-3350 |
| LOWE'S HOME CENTERS, LLC, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

This is a contract dispute arising out of the delivery and installation of kitchen cabinets in a residential property in New Orleans, Louisiana.[1] Plaintiff brought this action against Lowe's Home Centers, LLC ("Lowe's") in the Twenty-Fourth Judicial District Court for the Parish of Jefferson.[2] Lowe's removed the matter on August 11, 2023, on the basis of diversity jurisdiction.[3] On October 18, 2023, plaintiff filed an amended complaint adding the O'Quin Builders, LLC ("O'Quin") as a defendant in this case.[4] In granting the motion to amend, the Court noted that the amendment would destroy diversity jurisdiction, and ordered defendant Lowe's to submit any

---

[1]    R. Doc. 1.
[2]    R. Doc. 1-2.
[3]    R. Doc. 1.
[4]    R. Doc. 8.

evidence that would support a finding of complete diversity by November 2, 2023.[5] Lowe's did not respond.

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity between the parties. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *Id.* (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

For purposes diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of removal. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citation omitted). Once jurisdiction is properly established, subsequent

---

5  R. Doc. 9.

events will generally not divest the court of jurisdiction. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Hager v. Thomas*, No. 18-cv-139, 2019 WL 13200643, at *1 (S.D. Miss. Apr. 9, 2019) ("Federal courts are duty-bound to examine their own jurisdiction and not proceed where it is apparent that jurisdiction does not exist." (citation omitted)).

The addition of a nondiverse party is one event that defeats jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). As explained by the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). When a plaintiff's amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Cobb v. Delta Exps., Inc.*, 186 F.3d

675, 677 (5th Cir. 1999) ("[P]ost-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").

Here, plaintiff's amended complaint vitiates the Court's subject matter jurisdiction under 28 U.S.C. § 1332, because the addition of O'Quin destroys complete diversity. Plaintiff is a citizen of Louisiana.[6] O'Quin is a limited liability company and has the citizenship for diversity purposes of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of O'Quin is an individual who is a citizen of Louisiana.[7]

Because complete diversity no longer exists between the parties, plaintiff's claims must be remanded for lack of subject matter jurisdiction, 28 U.S.C. § 1447(e).

---

[6] R. Doc. 1-1 at 3.
[7] R. Doc. 10.

## I.   CONCLUSION

For the foregoing reasons, plaintiff's claims are REMANDED to the Twenty-Fourth Judicial District Court for the Parish of Jefferson. All pending motions in the case[8] are DISMISSED as MOOT.

New Orleans, Louisiana, this __13th__ day of November, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8]   R. Doc. 16.